UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.:

| | | |
|---|---|---|
| WILLIAM T. ANDERSON | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT** |
| | : | |
| vs. | : | |
| | : | |
| BARCLAYS CAPITAL REAL ESTATE INC. d/b/a HOMEQ SERVICING CORPORATION, WACHOVIA EQUITY SERVICING, LLC successor by merger to HOMEQ SERVICING CORPORATION; and OCWEN FINANCIAL CORPORATION, successor to HOMEQ SERVICING CORPORATION | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff William T. Anderson seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the common law torts of Invasion of Privacy-Intrusion Upon Seclusion and Tortious Interference with Contract.

2. Defendant Barclays communicated directly with Anderson in an attempt to collect a debt and delay/avoid a request for modification after it knew or should have known Plaintiff was represented by an attorney.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d) and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District because the acts and transactions occurred here, Anderson resides here, and Defendants transact business here.

## PARTIES

5. Plaintiff Anderson resides in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing Corporation ("Barclays") is a foreign corporation with its principal offices at 200 Park Avenue, 4th Floor, New York, NY 10116.

7. Barclays is a debt collector within the FDCPA.

8. Defendant, Wachovia Equity Servicing, LLC ("Wachovia") is a foreign corporation with its principal offices at 301 S. College Street, Charlotte, NC 28288.

9. Wachovia is a debt collector within the FDCPA.

10. Wachovia is a successor by merger to HomEq Servicing Corporation and is liable for the illegal conduct described herein.

11. Defendant Ocwen Financial Corporation ("Ocwen") is a foreign corporation with its principal offices at 1661 Worthington Road, Ste. 100, West Palm Beach, Florida 33409.

12. Ocwen is a debt collector within the FDCPA.

13. Ocwen is a successor to HomEq Servicing Corporation and is liable for the illegal conduct described herein.

14. Barclays, Wachovia and Ocwen are collectively referred to throughout this complaint as "Defendants".

15. Defendants engaged in, approved of, and/or ratified the illegal conduct described herein.

16. At all times relevant hereto, Defendants' employees and/or agents were acting in the scope, purpose and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent and ratification of Defendants.

## INTRODUCTION

17. Anderson incurred a financial obligation, namely a mortgage, that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Barclays was hired to service the loan.

19. Barclays had the authority to modify or foreclose on the loan.

20. Barclays decided to foreclose.

21. Mortgage servicers such as Barclays, unlike investors or homeowners, do not generally lose money on a foreclosure.

22. Servicers may even make money on a foreclosure.

23. A servicer deciding between a foreclosure and a loan modification faces the prospect of near certain loss if the loan is modified and no penalty, but potential profit, if the home is foreclosed.

24. Anderson hired Joseph Luvara, Esquire ("Luvara") to represent him in connection with the foreclosure.

25. Luvara repeatedly attempted to modify the loan.

26. Barclays had a financial incentive to delay/avoid Anderson's request to modify his loan.  As a result of this incentive, Barclays ignored letters from Luvara.

27. Barclays continued to communicate directly with Anderson in an attempt to collect the mortgage while Anderson's pleas for a modification went unanswered.

### FACTUAL ALLEGATIONS

28. By letter dated April 21, 2009, Joseph Luvara, Esquire, ("Luvara") notified Barclays he represented William Anderson.  (Exhibit 1)

29. By letter dated August 12, 2009, Luvara once again notified Barclays of his representation.   Luvara wrote in part,  "[P] lease do not contact my clients as has been your continued prior practice."  (Exhibit 2)

30. Barclays ignored Luvara's letters and communicated directly with the Plaintiff via telephone calls and correspondence.

31. Barclays sent correspondence to William Anderson dated September 16, 2009 and October 29, 2009.  (Exhibit 3)

32. By letter dated November 13, 2009, Luvara notified Barclays for a third time of his representation.  (Exhibit 4)

33. Barclays sent correspondence to William Anderson in an attempt to collect the debt dated November 23, 2009, December 4, 2009, December 15, 2009, December 31, 2009, January 21, 2010 and February 9, 2010.  (Exhibit 5)

34. On February 22, 2010, Luvara sent a fourth letter of representation. (Exhibit 6).

### COUNT I

### VIOLATION OF THE FDCPA

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

36  In their collection efforts, Defendants violated sections 1692c(a)(2) and 1692f of the FDCPA.

37. As a result of Defendants' illegal collection activities, Plaintiff suffered actual damages in the form of emotional distress, anger, anxiety, frustration, upset, as well as unjustified and abusive invasions of personal privacy.

38. Plaintiff is entitled to recover statutory damages in the amount of $1,000, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## COUNT II

### INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

40. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, private affairs and concerns.

41  Defendants intruded into Plaintiff's solitude, seclusion, private affairs and concerns by repeatedly communicating with Plaintiff in an attempt to collect a debt despite Defendants' knowledge that Counsel represented Plaintiff.

42. Defendants' intrusion- communicating directly with a represented consumer in an attempt to collect a debt and avoid and/or delay a request for modification solely for financial gain-would be highly offensive to a reasonable person.

43. Plaintiff was harmed by Defendants' conduct including harm to his interest in privacy and emotional distress as a result of the invasion of his privacy.

44. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

45. Plaintiff is entitled to recover compensatory damages for emotional distress and nominal damages.

46. Defendants' conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT III

### TORTIOUS INTERFERENCE WITH CONTRACT

47. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

48. Plaintiff entered into a contractual relationship with Luvara.

49. Barclays knew or should have known of the relationship between Anderson and Luvara.

50. Anderson had an expectation that Barclays would deal directly with Luvara.

51. Barclays intended to harm Anderson's relationship with Luvara by ignoring Luvara's letters and pleas for a modification.

52. Barclays intentionally interfered and prevented Anderson from receiving the benefit of his contractual relationship with Luvara.

53. Barclays did not have a privilege or justification for ignoring Luvara's representation and communicating directly with Anderson.

54. Barclays acted maliciously or improperly by ignoring Luvara's representation and delaying and avoiding Plaintiff's request for a modification.

55.     Barclays' conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- an award of statutory and actual damages;

- an award of compensatory damages;

- an award of nominal damages;

- an award of costs of litigation and reasonable attorney's fees; and

- for such other and further relief as may be deemed just and proper.


Date:  October 7, 2010

Respectfully submitted,

**JEFFREY L. SUHER, P.C.**

By:  **s/Jeffrey L. Suher**
Jeffrey L. Suher, Esq.
Attorney I.D.#74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
Telephone:  (412) 374-9005
Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

**Attorney for Plaintiff**